Curia, per

O’Neall, J.
The only question which it is necessary to examine, is whether the depositions of John Mayrant, Esq., ought to have been read in evidence. For if they were not regular, I think the Judge below erred in imposing terms on the defendant; he asked no favor or indulgence from the court, he relied simply on a legal objection, which if valid, he had the right to claim should be sustained ; but if invalid, then it was the duty of the Judge below to overrule it. So much I thought it necessary to say, in relation to the imposition of terms, to compel the trial of causes. For unless a party moved for a continuance under circumstances constituting actual or constructive neglect, I have been always opposed to the imposition’ of any terms ; and even in these cases, I never'thought myself justified, while on the circuit, in making the payment of costs a term.
I think the depositions were regular, and properly in evidence. For although under the Acts of 17S7 and 1799, the notice of the application to examine witnesses residing out of the State, must generally be served on the party himself; Andrews & Keenan vs. Thomas, 1 Hill’s Rep. 278, yet I think the case where the party resides out of the State, constitutes an exception to the general rule. For in such a case, there can be no personal service on the party himself, by any legal authority, emanating from the law of this State. In such a case, the party is regarded as in Court, and his attorney as representing him for all purposes in the case, except it is when, as in the summary process jurisdiction, the defendant is called on for a discovery; in that case, the service of interrogatories on the attorney, will not answer. Bartoline vs. Heartle, 2 Bail. 196. But that proceeds, both upon the express provisions, of the rule of court, and also upon the obvious fact, that unless the party himself be served, he cannot make the desired discovery. The present exception arises from necessity. For if a defendant, by going out of the State, could prevent the *12 .examination of a witness, he would have it in his power to defeat the .whole .course of justice. Such a result in favor of a party out of the State, cannot be allowed to flow from an Act intended to apply to, and regu late, suits between citizens of the same State.
The motion for a new trial is dismissed.
Johnson and IIarper, JJ. concurred. '